CITIZENS COMMITTEE TO OPPOSE ANNEXATION, Appellant,

v.

CITY OF LYNCHBURG, VIRGINIA, et al., Appellees.

COUNTY OF CAMPBELL, VIRGINIA, Appellant,

v.

CITY OF LYNCHBURG, VIRGINIA, et al., Appellees.

CITIZENS COMMITTEE TO OPPOSE ANNEXATION, Petitioner,

v.

CITY OF LYNCHBURG, VIRGINIA, et al., Respondents.

Nos. 75–2232, 75–2233 and 75–8386.

United States Court of Appeals, Fourth Circuit.

Argued Dec. 2, 1975.

Decided Dec. 4, 1975.

Application for Injunction Denied Jan. 12, 1976.

See 96 S.Ct. 766.

J. Leyburn Mosby, Jr., Lynchburg, Va., and E. A. Prichard, Fairfax, Va. (Hugh J. M. Jones, III, Lynchburg, Va., K. Stewart Evans, Jr., Boothe, Prichard & Dudley, Fairfax, Va., on brief) for Citizens Committee to Oppose Annexation.

Myron C. Smith, Fairfax, Va. (Robert C. Fitzgerald, Fairfax, Va., and Richard W. Elliott, Rustburg, Va., on brief), for County of Campbell.

William R. Cogar, Richmond, Va. (John S. Davenport, III, D. Eugene Webb, Jr., Mays, Valentine, Davenport & Moore, Richmond, Va., and William M. Phillips, City Atty., on brief), for City of Lynchburg.

W. H. Jolly, Salem, Va. (Kime, Jolly, Clemens & Canterbury, Salem, Va., on brief), for Lynchburg Voters League.

Before WINTER, CRAVEN and BUTZNER, Circuit Judges.

BUTZNER, Circuit Judge:

The Citizens Committee to Oppose Annexation and Campbell County, Virginia, appeal from the district court's order dismissing their action to enjoin implementation of a state court decree providing for the city of Lynchburg's annexation of portions of Bedford and Campbell Counties. We expedited this appeal because under state law the annexation is scheduled to become effective at midnight December 31, 1975. The principal objections of the committee and the county are the dilutive effect of the annexation on the right to vote for members of the city council and the possible effect of the annexation decree on the

boundaries of districts for the election of members of Congress and the Virginia General Assembly.

For reasons fully explained in the district court's well-reasoned opinion, supplemented by this expression of our views, we agree that the annexation decree should not be stayed. The district court noted that the committee did not "assert any particular effects on the voting rights of blacks as a basis for the [dilution] claim." On appeal, however, the committee, acknowledging that it is predominantly white, argues that the rights of its black members will be adversely affected. On the other hand, the Lynchburg Voters League, a predominantly black organization, supports the city in opposing a stay of annexation, arguing that dilution of voting rights can be avoided by a ward system.

■ There can be no doubt, as the Attorney General of the United States has found, that the annexation will have a racially dilutive effect on voting in Lynchburg within the meaning of § 5 of the Voting Rights Act of 1965, 42 U.S.C. § 1973c. But it is also clear, as the Attorney General has intimated, that this effect can be eliminated by a fairly designed ward plan for councilmanic elections.[1] Cf. City of Richmond v. United States, 422 U.S. 358, 95 S.Ct. 2296, 2303, 45 L.Ed.2d 245, 256 (1975); City of Petersburg v. United States, 354 F.Supp. 1021 (D.D.C. 1972), aff'd 410 U.S. 962, 93 S.Ct. 1441, 35 L.Ed.2d 698 (1973). The city recognizes the need to shift from an at-large system of election to a ward plan, and it is drafting legislation to accomplish this change. We perceive no sound reasons why state and local laws cannot be amended to devise a ward system for the 1976 councilmanic elections

that will meet the requirement of the Act.

The state annexation decree need not be read as modifying the boundaries of the congressional and legislative districts to create an imbalance in the number of voters in each district. Similarly, the apportionment statutes need not be construed to prescribe new boundaries that will deny voters the equal protection of the laws. The district court, assuming that the annexation will shift some residents from one district to another, concluded that the legislature would have an opportunity to rectify any malapportionment before the next election. We, of course, do not exclude reapportionment as a remedy if the state concludes that the annexation has changed the voting residence of annexed citizens for congressional and legislative elections.

The city of Lynchburg has sound reasons for having the annexation take effect in accordance with Virginia law.[2] The United States has no cause to defeat or delay annexation if the constitutional and statutory rights of the persons affected by the decree are not infringed. On the record before us, it appears that both the city and federal interests can be fully preserved if the annexation becomes effective according to state law and the state complies with federal constitutional and statutory provisions protecting the right to vote.

■ While we affirm the district court's denial of an injunction, we believe that it should not have dismissed the case. Instead, it should have retained jurisdiction to prevent infringement of federal constitutional and statutory protections of the right to vote in the unlikely event that state officials cannot conform election procedures be-

1. See letters from J. Stanley Pottinger, Assistant Attorney General, to John S. Davenport, III, July 14, 1975; from E. A. Prichard to J. Stanley Pottinger, August 26, 1975; from J. Stanley Pottinger to E. A. Prichard, September 24, 1975; and from J. Stanley Pottinger to John S. Davenport, III, September 30, 1975.

2. Lynchburg is currently preparing to extend municipal services to the annexed areas after December 31, 1975. Were annexation stayed

for one year, the additional costs of the capital construction necessary in Campbell County alone are estimated to be $3,125,000. The county contends that the increase in the tax base of the annexed area will offset the increased costs. The county's argument, however, misses the point because it is undisputed that the costs will escalate and will have to be borne by the taxpayers regardless of the size of the tax base.

fore the next scheduled elections. The district court can fashion remedies sufficient to preserve these rights, convening if necessary a three-judge court under 28 U.S.C. § 2281.

The judgment of the district court is affirmed in part and vacated in part. The case is remanded for further proceedings consistent with this opinion. The Clerk is directed to issue the mandate forthwith.